### MERRIMACK NAT. BANK v. BAILEY et al.

#### (Circuit Court of Appeals, First Circuit. June 4, 1923.)

#### No. 1632.

**I. Bankruptcy ⟨⟩164—Set-off by bank against insolvent's checking account held "transfer" within provision against preferences.**

Deposits in the checking account of an insolvent depositor are debts of the bank to the depositor, which give the bank an inchoate or conditional lien by way of set-off, and are "transfers," within the meaning of Bankruptcy Act, § 60a (Comp. St. § 9644), and when made when the depositor is insolvent, and when the bank has reasonable cause to believe that such deposits or loans or payments to the bank will effect a preference, they are voidable, if within the four months period.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Transfer.]

**2. Bankruptcy ⟨⟩164—Set-off of debts against bank deposit held unlawful preference.**

Where the business of an insolvent was being liquidated by its creditors, its business being shut down, and the proceeds of liquidation were deposited in various banks, with an agreement and understanding as to pro rata distribution among the creditors generally, the action of a bank of deposit, which was also a creditor, in appropriating the deposit as a set-off to its claims against the insolvent, was void, under Bankruptcy Act, § 60a (Comp. St. § 9644), as an unlawful preference, and not within the rule that, where a deposit is made in good faith and in the usual course of business within four months before the petition in bankruptcy, the bank is allowed to credit the amount on notes of the bankrupt held by it.

Appeal from the District Court of the United States for the District of Massachusetts; James M. Morton, Judge.

In the matter of the bankruptcy of the Cooper-Liberty-Thompson Company. Proceeding by Hollis R. Bailey and others, trustees, against the Merrimack National Bank to have declared certain transactions preferences. Decree for the trustees (283 Fed. 514); and the Bank appeals. Affirmed.

Philip N. Jones, of Boston, Mass. (Goldmann Edmunds and Hurlburt, Jones & Hall, all of Boston, Mass., on the brief), for appellant.

Hollis R. Bailey, of Boston. Mass. (Edward R. Hale, of Haverhill, Mass., on the brief), for appellees.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. In the District Court the appellant was held a preferred creditor for $3,273.83. The appellees are the trustees in bankruptcy of the Cooper-Liberty-Thompson Company, a shoe-manufacturing corporation, caught in the drop in prices and decline in business in the fall of 1920. The situation is detailed in a full and careful opinion by Judge Morton in 283 Fed. 514.

The appeal, on analysis, presents nothing but a question of fact in a case in which the court below saw the witnesses, and in which, apart from the presumption thus arising, the record evidence abundantly sustains the finding of the District Judge. But the point involved is of some general importance and warrants brief discussion.

The appellant was one of the bankrupt's depositor-creditor banks, and held its notes aggregating $30,000. In September, 1920, some of the banks refused to renew its notes; on October 21, a meeting of its larger creditors was held, attended by the appellant's president. A committee of creditors was appointed, which, about November 1, took charge of the company's business, reducing it to a liquidating basis. A circular letter proposing a six months' extension, by the creditors for more than $1,000, was issued. This letter set forth, inter alia, a plan of gradual liquidation:

"Every creditor, bank or merchandise, to receive the same percentage whenever a payment on account is made."

On November 17, the appellant agreed to this extension, but with the condition that its agreement should be void after December 15. Meantime the company's bookkeeper continued to make deposits with the various creditor banks, including the appellant, and a few checks were drawn to pay bills incident to the liquidating program.

In October there were nine deposits with the appellant, aggregating about $33,370, and withdrawals amounting to about $34,516; in November there were two deposits, aggregating $495.11, and withdrawals amounting to $560; in December there were two deposits, aggregating $3,273, and withdrawals amounting to $1,160. On January 1, 1921, the balance was $5,159.01, which, on January 3, was set off by the defendant upon notes of the bankrupt which it held. It is this application that the trustees now seek to set aside as a preference. About January 1, the creditors' committee abandoned their undertakings and the company's officers resumed their official functions. On an involuntary petition, filed January 19, 1921, the corporation was adjudicated a bankrupt on February 1, 1921.

This outline shows plainly enough that the company was insolvent, and that the appellant had abundant reason to believe that its appropriation, by way of set-off, of any deposits made with it during the liquidation period, would effect a preference.

The court below was fully warranted in finding that the appellant's action, "whether legal or not, was certainly lacking in good faith."

The District Judge resolved all reasonable doubts in the defendant's favor in holding that the situation had not been sufficiently developed on November 3 and 4, when $495.11 was deposited, as to make it then obvious that the company would have to be liquidated; but he

held that the deposits of December 7 and 10, amounting to the above-named sum of $3,273.73, were preferences.

[1] On analysis, the appellant's claim falls little short of contending that a creditor-depositor bank cannot become a preferred creditor, because it may honor checks on the deposits, which are, of course, debts of the bank to the depositor. We cannot accept this proposition. Such deposits or payments to the bank give the bank an inchoate or conditional lien by way of set-off. They are "transfers" within the meaning of section 60a of the Bankruptcy Act (Comp. St. § 9644). If, as in this case, they are made when the depositor is insolvent, and when the bank has reasonable cause to believe that such deposits, or loans, or payments, to the bank, will effect a preference, they are, if within the four months period, voidable. The fact that such bank creditors may honor checks on such deposits does not control. In this case, checks to cover these deposits were not drawn and paid. The appellant knew it was getting more than its share of an insolvent estate by undertaking to avail itself of set-off.

Bank creditors are subject to exactly the same rule of law as to preferences and set-off as are merchandise and other creditors. The different relations arising out of the fact that a bank creditor is also commonly a depositor debtor may require a somewhat different assessment and application of the evidential facts. But in all such cases of preference by set-off the fundamental question is one of fact: Was a transfer made by an insolvent under such circumstances as "to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class?" and did the creditor "then have reasonable cause to believe that * * * such * * * transfer would effect a preference"?

The cases relied upon by the plaintiff are not in point. Studley v. Bank, 229 U. S. 523, 33 Sup. Ct. 806, 57 L. Ed. 1313; Bank v. Massey, 192 U. S. 138, 24 Sup. Ct. 199, 48 L. Ed. 380; Continental Trust Co. v. Chicago Title Co., 229 U. S. 435, 33 Sup. Ct. 829, 57 L. Ed. 1268.

We recognize, of course, the soundness of the rule stated in such cases as American Bank & Trust Co. v. Coppard, 227 Fed. 597, 142 C. C. A. 229, that:

"When an insolvent customer makes a deposit with his bank, in good faith *and in the usual course of business*, at any time within four months before the petition in bankruptcy is filed against him the bank is allowed to credit the amount on notes of the bankrupt held by it." (Italics ours.)

[2] But in this case the deposits were not made "in the usual course of business." There was no "usual course of business" after November 1. The insolvent's business was then shut down; it was being liquidated by its creditors; naturally enough, the proceeds of liquidation were deposited in various creditor banks. The understanding that no preferences should be given was, in effect, nothing but a recognition of the requirements of the law. The situation here disclosed illustrates the fallacy and unfairness of the appellant's contention. If the creditors' committee had succeeded within the four months in turning substantially all the insolvent's assets into cash and depositing it with the creditor banks (subject only to trifling withdrawals by check for

liquidation purposes), and if then the banks had had and had exercised the right of set-off claimed by the present appellant, substantially all of the assets would have been appropriated by the bank creditors, leaving nothing for the general merchandise creditors. A result more obnoxious to the principle of equality, which underlies the Bankruptcy Act, can hardly be imagined. Compare In re Fairburn Oil & Fertilizer Co. (D. C.) 240 Fed. 835; First National Bank v. Harper, 254 Fed. 641, 166 C. C. A. 139.

The decree of the District Court is affirmed, with costs to the appellees.