EDWARD K. CASSEDY, as Trustee in Bankruptcy of the Estate of A. B. CHAPMAN, INC., Appellant, *v.* THE JOHNSTOWN BANK, Respondent.

Third Department, March 5, 1936.

*Alfred D. Dennison*, for the appellant.

*Fred. Linus Carroll & Son* [*John M. Carroll* of counsel], for the respondent.

HILL, P. J. The plaintiff, trustee in bankruptcy, appeals from a judgment dismissing his complaint upon the merits in an action brought to recover the balance of an account deposited by the bankrupt in defendant's bank. There was, on August 5, 1929, the date that the involuntary petition in bankruptcy was filed against A. B. Chapman, Inc., a balance of $6,594.47 in an account which was carried in the name " A. B. Chapman, Inc., R. R. Whitney, Mgr." The bank was the owner of a demand note of Chapman, Inc., on which was due $1,000 principal and $20.83 interest. It set off the amount of this note and interest against the bankrupt's credit balance and paid the remainder, $5,573.64, to the trustee in bankruptcy.

A meeting of the directors of the corporation and certain of its creditors was held on July second, whereat it was arranged that a representative of the creditors should liquidate the corporate business in the manner outlined in the following resolution adopted by the directors:

" WHEREAS, this corporation is in financial difficulties and its credit is somewhat impaired, *Resolved* it is considered to the best interest of the corporation that its assets be liquidated as near as possible in the usual course of trade and the proceeds distributed to its creditors without preferment; and, therefore, be it further

" *Resolved*, that Ralph R. Whitney of the City of Albany, New York, be, and he hereby is, appointed manager of this corporation for the purpose of liquidating its assets, he to do so in the usual course of trade if possible, the proceeds to be deposited in the name of said corporation in a bank in the City of Johnstown, N. Y., in a special account and to be checked out by corporation check signed by said manager, no creditors to be preferred over another, except such creditors as have specific liens."

On July third, when the account was opened with the bank by the deposit of $186.57, the bank officials had no knowledge of the creditors' meeting, but within a week a copy of the resolution was delivered to the cashier; also within the week there was an

additional deposit of $348.89 and withdrawals of $139.10, leaving a balance of $396.36 at the time the bank received notice. Thereafter, up to August second, additional deposits of nearly $10,000 were made and about $3,750 was withdrawn, leaving the balance first mentioned. We are to decide whether this was a general deposit, making the bank the debtor of Chapman, Inc., with the right to set off the amount of its unpaid note, or a special deposit of which the bank was trustee for the purposes mentioned in the resolution. Until the bank learned of the creditors' meeting and received a copy of the resolution, it was a general account, and unquestionably the bank could have exercised its right of set off against the then balance. The bank did not impress its lien on this balance, but, with notice of the special purpose, accepted further deposits which were credited to the same account against which the withdrawals were charged. The record indicates that the withdrawals were made in furtherance of the attempt to liquidate the assets of the corporation.

In actions of this kind, the provisions of the Bankruptcy Law as construed by the Federal courts govern. (*Frank* v. *Mercantile National Bank*, 182 N. Y. 264.) Ordinarily, a lien or right of equitable set off would attach in favor of a bank against the securities and moneys of a customer deposited in the usual course of business, but this rule does not apply when the deposit is made for a special and particular purpose. Then the bank is required either to devote the money and securities to that purpose or to return the property to the depositor. (*Reynes* v. *Dumont*, 130 U. S. 354; *Hanover National Bank* v. *Suddath*, 215 id. 110.) When a bank has knowledge that there has been a meeting of the creditors of a customer and that the business has been taken over to be liquidated by their representative, the right of set off does not exist as to deposits made by the representative for the special purpose of paying liquidating expenses, with the balance to be divided among the creditors *pro rata*. (*Merrimack National Bank* v. *Bailey*, 289 Fed. 468 [C. C. A. 1st Cir.]; *Twentieth Street Bank* v. *Gilmore*, 71 F. [2d] 594 [C. C. A. 4th Cir.].) The opinion in the case last cited states that *May* v. *Henderson* (268 U. S. 111) in principle supports the decision.

The law of New York is not different. When a customer indicates that a deposit is made for a special purpose, the bank, by accepting the deposit, agrees to devote the fund to that purpose. It does not become merged with the general funds of the bank, and upon failure to devote it to the designated purpose, it must be returned to the depositor. (*Cutler* v. *American Exchange National Bank*, 113 N. Y. 593.) A deposit accompanied by the

statement that the money was " to be applied as follows: * * * disposal Banque Commerce Azoff Don, Petrograd, by order Engineer A. Levine, Petrograd," was not a general deposit against which the receiving bank could set off a debt owing it by the Azoff Don Bank. (*Lewine* v. *National City Bank*, 222 App. Div. 74; affd., 248 N. Y. 365.)

The deposits in this case were voluntary. It was for the depositor to determine whether they were for a special or general purpose. The depositor having indicated by presenting a resolution to defendant that the money was for the benefit of the creditors equally, after paying liquidating expenses, the defendant, by accepting the deposits, agreed that it would hold the money as a trustee and bailee for that purpose. The defendant had the right of set off as to the deposits made before notice. This was lost thereafter through mingling the special deposits with the earlier balance, and by paying checks for liquidating expenses from the combined fund. When a trustee mingles property which is subject to the trust with other property so that the identity of the trust property is lost, the combined property is impressed with the trust.

The judgment dismissing the complaint should be reversed on the law and facts, with costs, and plaintiff should have judgment for $1,020.83, with interest from August 20, 1929, with costs.

RHODES, CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment dismissing plaintiff's complaint reversed on the law and facts, with costs. Judgment in favor of the plaintiff directed for the sum of $1,020.83, with interest from August 20, 1929, with costs.

Finding No. 13 is reversed.

Finding No. 8 is modified to read as follows: That on or about the 3d day of July, 1929, the said A. B. Chapman, Inc., opened a general deposit account with the defendant in the name of " A. B. Chapman, Inc., R. R. Whitney, Mgr.," and made two general deposits therein aggregating $535.46 from which there was withdrawn the sum of $139.10. Thereafter the general deposit account was changed to a special deposit account devoted to the paying of liquidating expenses, the remainder impressed with a trust in favor of all creditors *pro rata*. The change in the nature of the deposit was effected by the service upon the bank of a copy of a resolution adopted by the board of directors directing that moneys be deposited in a special account. The defendant mingled the special deposits with the balance of the two earlier general deposits and honored checks from the combined deposits. The

identity of the moneys constituting the general deposit was thereby lost.

The 9th finding of fact is modified by striking therefrom the following words: " Carrying on the business of A. B. Chapman Inc., in the usual course of trade, as dealers in automobiles and accessories," and by adding in place thereof, " liquidating the corporate business, which liquidation was to be accomplished ' as near as possible in the usual course of trade.' "

The 11th finding of fact is modified by striking therefrom the words, " several days," and substituting therefor " within a week."

Findings of fact, if any, contained in the conclusions of law are reversed.