**Jerome L. SILVERSTEIN, Trustee of the Estate of Roland Orison McNuge, d/b/a New England Service Co., Bankrupt,**

v.

**The SECOND NATIONAL BANK OF 191 MAIN STREET, NASHUA, N. H.**

Civ. A. No. 1456.

United States District Court
D. New Hampshire.

March 9, 1955.

Robert D. Branch, Concord, N. H., for Silverstein.

Kenneth F. McLaughlin, Nashua, N. H., for bankrupt McNuge.

Morris D. Stein, Nashua, N. H., for defendant.

CONNOR, District Judge.

Action by the trustee in bankruptcy of the estate of Roland O. McNuge, d/b/a New England Service Sales Co. against

The Second National Bank, Inc. of Nashua, N. H., to recover certain alleged preferential transfers.

The pertinent facts are as follows: The bankrupt started in business in 1951, opened a checking account with the defendant bank, and thereafter negotiated several loans with it. In February 1954, he obtained a loan of $1,500 on a 90-day note, with one Dawson as co-maker. This note matured in May, and with the consent of the bankrupt and conformable to its custom, the bank charged his note against his checking account. The bankrupt in December, 1953, had executed a chattel mortgage to the defendant on an automobile and a truck as additional security for a debt then existing in the sum of $960. The bank did not record this mortgage until June 28, 1954, after it had received information that the bankrupt, without notifying or obtaining a release from it, had sold the automobile to one Johnson, who as far as appears was a bona fide purchaser. Realizing that he had sold mortgaged property and fearing prosecution therefor, the bankrupt pursuaded Johnson to aid him in this predicament. Arrangements were made, whereby the bank purported to foreclose the mortgage on the car and sell it to Johnson, the latter executing his note to the bank for $480, the amount then due on the bankrupt's note after giving effect to the monthly installments which had been made. This transaction occurred on July 21, 1954, and two days later the bankrupt filed a voluntary petition in bankruptcy, with adjudication following shortly thereafter.

The trustee contends that this item and the $1,500 transaction in May, 1954, were voidable transfers as defined by Section 60 of the Bankruptcy Act, 11 U.S.C.A. § 96, and recoverable by him for the benefit of all the creditors.

■ There is no suggestion that the deposits set off by the bank were made with the purpose of preferring the bank, or that they were not made in the ordinary course of business. In this respect, the instant case is distinguishable with the holding in Merrimack National Bank v. Bailey, 1 Cir., 1923, 289 F. 468, cited and relied upon by the trustee. The relation created by a deposit in a bank is that of debtor and creditor, and it follows that the bankrupt and the bank were mutually indebted to each other. Hall v. Rochester Trust Co., D.C.N.H.1935, 9 F.Supp. 797. The depositor being indebted to the bank, the latter possessed an inchoate lien on any deposits, conferring upon it the right to set off such deposits against any debt owing to it by the depositor. Merrimack v. Bailey, supra.

I find and rule that the bank properly exercised its right to set off mutual debts when, upon maturity of the bankrupt's note, it debited the checking account with the sum of $1,500, and that the transaction is not within the purview of Section 60 of the Bankruptcy Act. Studley v. Boylston National Bank, 1913, 229 U.S. 523, 33 S.Ct. 806, 57 L.Ed. 1313. See also, Citizens' National Bank of Gastonia, N. C. v. Lineberger, 4 Cir., 1930, 45 F.2d 522, and authorities cited therein.

■■ The trustee stands in no better position in respect to the item of $480. The essence of a preference is a transfer by the bankrupt of his property for the benefit of a creditor in derogation of the rights of other creditors, and necessarily involves a diminution of the assets of the estate, precluding a fair distribution to all the creditors. If this essential is lacking, no preference is created. In the case at bar, the transaction by which the bankrupt's debt to the bank became extinguished was in substance a loan from Johnson to the bankrupt with the substitution of one creditor for another. However, the proceeds of such loan never became part of the bankrupt's estate, and, therefore, never available to meet the claims of general creditors. The bankrupt made no transfer of his property, and consequently his estate was not made one penny poorer. Grubb v. General Con-

tract Purchase Corporation, 2 Cir., 1938, 94 F.2d 70; Crosby v. Packer, 1 Cir., 1927, 22 F.2d 611. Accordingly, it is my conclusion that this item likewise is not a preference, and judgment will be entered for the defendant.