William Gr. Easton, J.
This action was brought by plaintiff, Noah’s Ark, as assignee of First National City Bank and Hubshman Factors Department to recover from the defendant First National Bank the sum of $14,990.78 which represents the total amount set off by the defendant to cover an obligation owed *945 to it by the plaintff. The action was submitted on a statement of stipulated facts.
On February 5,1966 plaintiff entered into an accounts receivable security and finance agreement with the First National City Bank and Hubshman Factors Department under which Noah’s Ark was to deposit collected receivables in a special local bank account as follows: ‘ ‘ Such bank account shall not be subject to withdrawals on the signature or order of any officer or officers or representatives of the undersigned [Noah’s Ark]. Drawings and transfers from such special local bank account shall only be made to or for your account by the depositary bank, which shall, and shall be instructed to clear the balance in such account to the First National City Bank, Hubshman Factors Department, 399 Park Avenue, New York, Account No. 268 or such other accounts as you may designate at such intervals as you may direct ’ ’.
This agreement appears to have been signed by Martin Sher, president of Noah’s Ark, and the execution thereof attested by Anne W. Sher, secretary. On or about February 10,1966 a resolution of the board of directors of Noah’s Ark signed by one William H. Simpson, assistant secretary, was filed with First National Bank and an account opened as follows: “Noah’s Ark Auto Accessories, Inc. for the account of Hubshman Factors Department, First National City Bank, 399 Park Avenue, New York, 22, N. Y. Account No. 268 ”. Subsequent to February 10 deposits were made in said account and remittances were made by First National Bank directly to First National City Bank, Hubshman Factors Department, approximately every three days thereafter (submission). On June 20, 1966 First National Bank set off the sum of $8,300 against the aforesaid account and credited the same to a note due to it by Noah’s Ark, then in default on the note. On June 21, 1966 Noah’s Ark filed a petition under chapter 11 of the Bankruptcy Act of the United States. (U. S. Code, tit. 11, § 701 et seq.) On June 24 and July 7, 1966 First National Bank made further offsets against the said account in the total amount of $6,696.07 and applied the moneys to the delinquent Noah’s Ark note.
The plaintiff claims that the bank account in question was opened and used with the intent that it be treated as a special account, that the defendant treated it as such (until the setoffs) and therefore, the setoffs were improper, entitling Noah’s Ark to a judgment for the amounts taken. The defendant contends on the other hand that (1) the complaint does not contain sufficient allegations to establish the existence of a special account; *946 (2) the same was never created; and (3) even if it were created, the plaintiff as assignee of First National City Bank and Hnbshman Factors Department is not entitled to recover the funds.
New York law relating to special accounts is fairly well summarized as follows: “In the absence of an agreement and proof to the contrary, a deposit is presumed to be general rather than special, and the burden devolves on the party who claims that the deposit is a special one to show that it was received by the bank with the express or clearly implied agreement that it should be kept separate from the general funds of the bank and that it should remain intact. The law prescribes no particular formula for the contract involved in making a special deposit. Like all contracts, it grows out of the mutual intention and understanding of the parties. The purpose and terms of the deposit may be explicitly stated, or the intention of the parties may be inferred from their declarations, considered in connection with their conduct and all of the circumstances. While the presumption is that a deposit is general and not special, its character as general or special is determined by the contract, either express or implied, made between the bank and the depositor, as evidenced by what was said and done when the transaction took place.” (5 N. Y. Jur., Banks and Trust Companies, § 224.) The funds of a special account do “ not become merged with the general funds of the bank, and upon failure to devote it to the designated purpose, it must be returned to the depositor ”. (Cassedy v. Johnstown Bank, 246 App. Div. 337, 339; Cutler v. American Exch. Nat. Bank, 113 N. Y. 593.)
Turning then to the defendant’s first contention that the complaint is insufficient, the court finds that the complaint expressly states that a special account was set up and even the particular title thereof. Certainly, the allegations sufficiently apprise the defendant of the nature of the claim being made. Furthermore, since the account was created for the express purpose of remitting directly to another bank, it had the attributes of a special account. (Cassedy v. Johnstown Bank, supra.)
While títere was an irregularity in the establishment of the account due to the admitted invalidity of the corporate resolution (there had been no directors’ meeting), nevertheless, both parties agreed to establish a special account and treated it as such for several months. In view of this, neither party should be permitted to raise the lack of authority for the banking resolution as a defense. Had there been no evidence that Noah’s Ark ratified the establishment of a special account a different *947 conclusion might he reached. Here, however, the president of the corporation and its secretary executed an agreement with First National City Bank and Hubshman Factors Department for the express purpose of setting up such an account, in pursuance of this agreement the account at First National Bank was in fact opened, for several months moneys were deposited therein and the defendant bank manifested its assent by periodically remitting the funds to First National City Bank in accordance with the agreement. Clearly, both parties had reached an agreement that this was to be a special account.
Finally, the defendant contends that even if the account is found to be a special account, yet, the plaintiff as assignee of First National City Bank and Hubshman Factors Department is not entitled to recover. It is well settled that deposits made to a special account, in the absence of a special agreement to the contrary, if not used for the purposes of the special account, are to be returned to the depositor. (Cassedy v. Johnstown Bank, 246 App. Div. 337, supra.) It may well be that the third party for whom the account was set up, not being the beneficiary of a trust, has no right to recover the funds deposited therein. (Staten Is. Cricket & Baseball Club v. Farmers Loan & Trust Co., 41 App. Div. 321.) This action, however, is brought by the depositor, not only as assignee of the third party (First National City Bank and Hubshman Factors Department) but also in its own right. The amended complaint in paragraph 10 alleges ‘ ‘ the defendant has unlawfully refused to pay or remit said amount to Hubshman Factors Department, First National City Bank or to the plaintiff although due demand has been made therefor ” (emphasis added). Clearly, the proceeds of a special account such as the one before the court, not being subject to a setoff by the depositary bank, belong to the depositor or his assignee, and when the depositor further takes an assignment of all right, title and interest of the third-party beneficiary of the deposit, the depositary bank must relinquish possession. Judgment granted to the plaintiff for the amount demanded in the complaint.