Jerome B. E. Wolff, J.
This is an action to recover the balance of infant’s funds on deposit with the defendant hank. A trial was had without a jury in this case. The facts of the case are as follows: The plaintiff, while an infant, sustained injuries in an automobile accident. In the settlement of the case, the court, on March 10, 1960, ordered that the sum of $7,068.47, be deposited in the defendant bank for the benefit of the said plaintiff infant until she became 21, and the funds to be withdrawn only upon court order. On June 6, 1967, the plaintiff and her husband signed a retail installment contract involving the purchase of an automobile in the total amount of $2,116.44, which was financed through the defendant bank. Later, the plaintiff and her husband defaulted upon the said contract and there remained a balance of $1,515.07, plus interest from October 5, 1968. The plaintiff became 21 years of age and the court issued *617 an order to the defendant to pay over to her the balance in the said infant’s trust account. Upon the presentation of the order, the defendant bank tendered to the plaintiff the balance of the account less the sum of $1,515.07, as a setoff, constituting the amount due on her default on the installment purchase contract.
The crux of this case is whether or not the defendant bank has a right of setoff or claim against the infant’s account and can deduct that claim from the balance remaining in the said account before paying over the infant’s account.
The question is rather unique, insofar as a research of the cases in the State and other jurisdictions does not reveal any case which, fundamentally, has decided this issue. Under the decided cases in this State and the Banking Law, the relationship of a depositor to a bank in which he has funds is that of the relationship between debtor and creditor. A bank does have a right in certain instances to deduct from an account of a depositor, amounts necessary to replenish a checking account or to satisfy certain obligations of the depositor with the depositor’s bank. Various by-laws of banks also provide for this contingency.
When the court orders a fund, whether it be as a result of a negligence action or as a result of funds flowing from an estate, to be deposited in the bank, for the benefit of an infant, subject to withdrawal only upon court order, the amounts deposited become inviolate and cannot be removed or used, unless the bank possesses a court order authorizing it and directing it to pay.
“ Deposits in a bank or with a banker are classified often as general or special. The presumption is said to be that a deposit is general. The relation then created is that of debtor and creditor as upon any other loan. A special deposit is sometimes said to be equivalent to a bailment. It is not always of that order. Such a deposit may exist where the duty of the depositary is to hold, not the identical bills or coins, but an equivalent sum, to be kept intact, however, for the use of the depositor (Woodhouse v. Crandall, 197 Ill. 104; People v. City Bank of Rochester, 96 N. Y. 32). A bank accepting such a deposit is chargeable with responsibility, civil or criminal, like any other trustee, if it uses for itself what was to be held in trust for some one else.” (Genesee Wesleyan Seminary v. United States Fid. & Guar. Co., 247 N. Y. 52, 55.)
“When a customer indicates that a deposit is made for a special purpose, the bank, by accepting the deposit, agrees to devote the fund to that purpose.” (Cassedy v. Johnstown Bank, 246 App. Div. 337, 339.)
The relationship of a debtor and creditor in this instance does not exist between an infant’s fund ordered by a court deposited *618 in a bank and the bank itself. It is a special deposit upon the acceptance by the bank of the order of the court and the bank only acts as a depositary for the infant’s funds, subject only to the order of the court and cannot maintain any claim or setoff as against that fund by virtue of its by-laws or by its own voluntary withdrawal or refusal to pay the full balance to the infant.
To hold otherwise would allow infants to pledge or use their funds indirectly and deprive the court of its jurisdiction and supervision of infants’ funds.
The testimony at trial of the infant’s disaffirmance of the installment contract becomes a moot question in light of the court’s decision.
Based on the law and the facts of this case, judgment is hereby granted to the plaintiff for the balance of her account with accrued interest and the answer dismissed on the merits.