**PEOPLES WESTCHESTER SAVINGS BANK, Plaintiff,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Guardian Bank, N.A., Defendant.**

**No. 90 CV 1888.**

United States District Court, E.D. New York.

Sept. 9, 1991.

Nora Granito, Lane & Mittendorf, New York City, for plaintiff.

Marc E. Wieman, Z. Scott Birdwell, FDIC, Legal Div., New York City, for defendant.

## MEMORANDUM AND ORDER

PLATT, Chief Judge.

Plaintiff and defendant have filed motions for summary judgment. For the reasons which follow, plaintiff's motion is granted and defendant's motion is denied.

## BACKGROUND

The following facts are not in dispute. On September 19, 1988, Bonnie S. Nachamie ("Nachamie") opened an attorney escrow account with Guardian Bank, N.A. ("Guardian"), a national banking association. The account, entitled "Bonnie S. Nachamie, Esq., Attorney at Law, Trust Account # 2, Account # 25113088–4" (hereinafter the "Nachamie Account"), was opened as an "IOLA" account pursuant to a New York State statute permitting attorneys to open IOLA accounts under certain circumstances. *See* N.Y.Jud.Law § 497 (McKinney Supp.1990).[1]

On June 21, 1989, the United States Comptroller of the Currency declared Guardian Bank insolvent and placed it into receivership, appointing the Federal Deposit Insurance Corporation ("FDIC") as receiver. As of that date the Nachamie Account contained $197,211.68, of which $168,700.00 were funds belonging to the plaintiff, Peoples Westchester Savings Bank ("Peoples Westchester"), a law client of Nachamie. The remaining funds belonged to other Nachamie clients. By letter dated July 14, 1989, the FDIC informed Nachamie that the Nachamie Account contained in excess of the federally-insured amount of $100,000 and that Nachamie would have to file a claim for the uninsured excess against the receivership estate.

Pursuant to an agreement dated October 11, 1989, Peoples Westchester paid Nachamie an adjustment amount of $28,511.68, representing the difference between the amount of funds in the Nachamie Account belonging to Peoples Westchester and the total funds in the account. In return, Nachamie assigned to Peoples Westchester all of her rights, title and interest in the Nachamie Account. Peoples Westchester

---

**1.** "IOLA" is the acronym for "interest on lawyer account." Under the statute, an attorney may open an unsegregated interest-bearing deposit account at a banking institution with "qualified funds." *See* N.Y.Jud.Law § 497(1) (McKinney Supp.1991). "Qualified funds" are defined as funds held by an attorney "in a fiduciary capacity ... which ... are too small in amount or are reasonably expected to be held for too short a time to generate sufficient interest income to

justify ... a segregated account for the benefit of the client." *See id.* § 497(2). While no New York court has yet ruled on the issue, a common sense reading of the statute suggests that the terms "unsegregated" and "segregated" refer to the attorney's customary segregation of client funds from his or her own funds or from funds belonging to other clients, *see id.* § 497(1) & (2), rather than the bank's segregation of such accounts on its books.

then brought this action against the FDIC, as receiver of Guardian, requesting this Court to compel the FDIC to release the entire balance of the Nachamie Account to Peoples Westchester or, alternatively, to find Peoples Westchester entitled to a preference in the liquidation of Guardian amounting to the Nachamie Account balance.

In its motion, the FDIC argues that plaintiff's sole relief is through a claim for deposit insurance. It asserts that, under federal banking law, the records of the financial institution are conclusive as to the nature of any deposit it holds, and that in this case the account was a general deposit creating a debtor-creditor relationship between the depositor—Nachamie—and Guardian. As a result, each of Nachamie's clients having a beneficial ownership interest in funds contained in the Nachamie Account is insured up to $100,000 and is entitled to a *pro rata* distribution of any excess over $100,000 as a general creditor of the receivership estate.

Peoples Westchester argues, in its motion, that the Nachamie Account was a special deposit because Nachamie never had title to the funds in the account, and because Guardian was aware that the funds deposited did not belong to Nachamie, being on notice that the account was an IOLA account. For this account, there was no debtor-creditor relationship between Nachamie and Guardian. Consequently, the issue of federal insurance coverage is immaterial. Guardian held the funds as a bailee and Peoples Westchester is entitled to the return of these funds directly or in preference to other creditors, regardless of what portion federal insurance may cover.

## DISCUSSION

■ A motion for summary judgment may only be granted where the moving party demonstrates that no genuine issue of material fact exists for trial and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In this case, there being no material facts in dis-

pute, the critical issue to be resolved is whether the Nachamie Account was a special deposit or a general deposit.

In *Marine Bank v. Fulton Bank*, 69 U.S. (2 Wall.) 252, 17 L.Ed. 785, 787 (1865), the Supreme Court explained the distinction:

All deposits made with bankers may be divided into two classes, namely, those in which the bank becomes a bailee of the depositor, the title of the thing deposited remaining with the latter, and that other kind of deposit of money peculiar to banking business, in which the depositor, for his own convenience, parts with the title to his money, and loans it to the banker, and the latter, in consideration of the loan of the money and the right to use it for his own profit, agrees to refund the same amount, or any part thereof, on demand.

*See id.; see also Swan v. Children's Home Society*, 67 F.2d 84, 86–87 (4th Cir.1933); *Keyes v. Paducah & I.R. Co.*, 61 F.2d 611, 612–13 (6th Cir.1932).

■ The distinction is important because in the case of a general deposit the depositor and bank enter into a debtor-creditor relationship, *see Bank of Marin v. England*, 385 U.S. 99, 101, 87 S.Ct. 274, 276, 17 L.Ed.2d 197 (1966); *New York State Assn. of Life Ins. Underwriters v. Supt. of Insurance*, 37 A.D.2d 304, 325 N.Y.S.2d 172, 175–76 (N.Y.1971), with the bank acquiring title to the funds deposited. *See Glenn Justice Mtge. Corp. v. First Nat'l Bank*, 592 F.2d 567, 569–70 (10th Cir.1979); *Miller v. Wells Fargo Bank*, 540 F.2d 548, 561 (2d Cir.1976). In contrast, the title to money or property that is the subject of a special deposit remains with the depositor. *See Glenn Justice Mtge.*, 592 F.2d at 570; *Miller*, 540 F.2d at 561; *Keyes*, 61 F.2d at 613. Therefore, if the Nachamie Account were a general deposit, it would form part of the receivership estate and would be distributed to creditors pursuant to federal banking laws, including deposit insurance regulations. *Cf. Federal Home Loan Mtge. Corp. v. Federal Deposit Insurance Corp.*, No. 85–39, 1985 WL 17367 (E.D.Ky. May 17, 1985) (LEXIS,

Genfed library, Dist file) (federal deposit insurance regulations applied after determination of whether deposit was general or special deposit).

 In the ordinary course of business, deposits are presumed to be general deposits. *See Keyes,* 61 F.2d at 613. However, the agreement, understanding or intention of the parties may create a special deposit. *See Swan,* 67 F.2d at 86–88; *Keyes,* 61 F.2d at 613. Here, it is undisputed that the Nachamie Account was an IOLA account. It is also uncontested that, upon opening the account, Guardian was aware that the funds did not belong to Nachamie, but to her clients or to other beneficial owners. This indicates an adequate understanding that a special deposit was intended. The relationship between Nachamie and Guardian was therefore that of bailor and bailee rather than debtor-creditor. *See Marchant v. Summers,* 79 F.2d 877, 879 (4th Cir. 1935); *Genesee Wesleyan Sem. v. United States F. & G. Co.,* 247 N.Y. 52, 55, 159 N.E. 720 (1928); *Wasserman v. Broderick,* 140 Misc. 174, 250 N.Y.S. 84, 87–88 (N.Y.Sup.Ct.1931).

Even if Nachamie were capable of passing title over her clients' funds to Guardian as a general depositor, which she was not,[2] Guardian accepted the funds on a basis that they were to be held for a specific purpose. *See Rossman v. Blunt,* 104 F.2d 877, 879 (6th Cir.1939); *cf. Marchant v. Summers,* 79 F.2d 877, 879 (4th Cir.1935) (bonds deposited for safe-keeping were special deposit even though bank had power to use bonds for own purposes). Under these circumstances, moreover, Guardian was under a duty to keep the funds separate and avoid commingling them with its own funds, *see Cassedy v. Johnstown Bank,* 246 A.D. 337, 286 N.Y.S. 202, 205–6 (N.Y.1936); *Tierney v. Whitestone Savings and Loan Ass'n,* 77 Misc.2d 284, 353 N.Y.S.2d 104, 109–110 (N.Y.Ct.Cl.1974), *rev'd on other grounds,* 83 Misc.2d 855, 373 N.Y.S.2d 724 (1975), although such

commingling would not defeat the account's special nature. *See Jennings v. United States F. & G. Co.,* 294 U.S. 216, 223–24, 55 S.Ct. 394, 397–98, 79 L.Ed. 869 (1935); *Rossman,* 104 F.2d at 879; *Genesee,* 247 N.Y. at 55, 159 N.E. 720 ("a [special] deposit may exist where the duty of the depositary is to hold, not the identical bills or coins, but an equivalent sum, to be kept intact ... for the use of the depositor").

For the foregoing reasons, plaintiff's motion for summary judgment is granted and defendant's motion for summary judgment is denied. Plaintiff is entitled to recover from the receivership estate the sum of $197,211.68, without costs or interest thereon, in preference to general creditors of the estate.

SO ORDERED.

---

**2.** The facts here are not similar to those situations where an attorney or other person, acting as the trustee of a third party, places funds with a bank for investment on the third party's behalf. In that case, absent special agreement, a general deposit may be created because the trustee-depositor possesses legal title to the funds.