Mr. Justice MILLEB.
 

 delivered tne opinion of the court.
 

 The Chicago bank was unquestionably the agent of the Fulton County Bank, up to and including the receipt of the' money from the makers of the notes. If no change was made in their relation subsequent to that time, then the former bank, having obeyed instructions, should not be held liable to the latter for the depreciation of its money. The agent, however, in this case was a bank engaged in the usual banking business of discounting notes, buying and selling exchange, and receiving deposits from its customers, and some confusion may grow out of the peculiar charapter of the agent.
 

 If any person not a banker had received this sum of money for an Eastern correspondent, with instructions to hold it sub
 
 *255
 
 ject to order, lie would probably have locked it up in bis own saie, or that of some one else, until called for; and when demanded, be would have delivered the identical money which he had received, thus discharging his whole duty as agent. If, however, instead of this prudent and safe, course, he had the same day that he received it bought with it a bill on New York at thirty days, which, when matured, was worth in Chicago one-half per cent, premium, it will hardly be contended that when the principal demanded his money the agent could pay him by buying in the market other bills of Illinois banks fifty per cent, below par.
 

 This, however, is substantially what the Chicago bank did, and what it claims the right to do. It is true that it is not in evidence what precise use was made by it of the money received for these collections. But it is proved that it was placed with other money of defendant, and used in its daily business as its own. That business was to buy such drafts, to pay its own debts to its depositors, to discount notes and bills. If it was defendant’s money it was all right, because he could do as he pleased with his own. But if it was plaintiff’s money, held by defendant as its agent, then this use of it by defendant would seem to be a conversion.
 

 But here we are reminded of the banking character of the agent, who insists that it w,as impossible to keep plaintiff’s money separate from its own, and that plaintiff knew this fact; and, secondly, that from the course of business it was understood that, when the money was collected and placed to the credit of plaintiff’s account, the defendant would use it.
 

 As to the first proposition, it cannot be admitted that there was any impossibility in keeping plaintiff’s money separate from defendant’s. It is every day business for bankers, who have vaults and safes, to receive on special deposit small packages of valuables, and even money, until the owners call for them. There is not only no impossibility in this, but there is no serious difficulty in it. It is simply an inconvenience, and but a slight one, as a small slip of paper around the bill's, labelled with the owner’s
 
 *256
 
 name, would have marked their identity and their separation, without occupying any additional space. Eten this inconvenience the defendant could have avoided at any time by refusing longer to hold the deposit. But the truth undoubtedly is, as stated in the second branch of the proposition, that both parties understood that, when the money was collected, plaintiff was to have credit with the defendant for the amount of the collection, and that defendant would use the money in his business. Thus the defendant was guilty of no wrong in using the money, because it had become its own. It was used by the bank in the same manner that it used the money deposited with it that day by city customers; and the relation between the two banks was the same as that between the Chicago bank and its city'depositors. It would be a waste of argument to attempt to prove that this -was a debtor and creditor relation.
 

 All deposits made with bankers may be divided into two classes, namely, those in which the bank becomes bailee of the depositor, the title to the thing deposited remaining with the latter; and that other kind of deposit of money peculiar to banking business, in which the depositor, for his own convenience, parts with the title to his money, and loans it to the
 
 banker;
 
 and the latter, in consideration of the loan of the money and the right to use it for his own profit, agrees to refund the same amount, or any part thereof, on demand. The case before us is not of the former class. It must be of the latter. The parties seem to have taken this view of it, as is Shown by the reply made by the Chicago, bank, May 1st and 6th, to the Now York bank, when inquiring how the account stood.
 

 The counsel have argued as to the effect of mixing the money of plaintiff with that of defendant. In the view we take of the matter, there was no such admixture. It being understood between the parties that, when the money was received, it was to be held as an ordinary bank deposit, it became by virtue of that understanding the money of the defendant the moment it was received.
 

 But let us look for a moment at the equity of defendant’s
 
 *257
 
 position. It receives this money when it is worth ninety cents on the dollar. It places it with its other money; and, perhaps, in the course of a week, all the specific bank bills it then had on hand are paid out by it. It uses it in paying the checks of its depositors, in other words, its debts at par. It buys with it hills on New York, which it converts into exchange worth a premium. But it continues to receive of other parties this class of paper, though constantly depreciating. There is no legal necessity that it should do this. It only does so with a view to its own advantage. When, however, it proves to be a loss instead of a profit, the bank says to the man.whose money it had used profitably months before, “ I claim to impose this loss on you. ,1 insist on the right to pay the debt I owe you, not in the specific bank bills I received from you, nor in those of the same value which I received from you; but in bills of that general class, although, while I have been using the money, they have depreciated forty per cent.”
 

 If we are correct in these views, it would seem that the relation of principal and agent was changed the moment the money received was placed in the general fund of the bank, and the plaintiff credited on its book with the amount.
 

 Does the notice of the Marine Bank to its customers, taken in connection with the other facts of the case, change the relative rights of the parties as thus stated ? The obvious intent of the circular is to convey to correspondents the fact of the great depreciation in value of the Illinois' currency; and to request them, if they are not willing to have their notes paid in such currency, to withdraw their collections. This was just and fair between the parties, and was what the collecting bank had a right to require. We think, that it justified that bank in receiving the Illinois currency, in all cases where the notice had reached their correspondents and no contrary orders had been received. If the Marine Bank had thus received depreciated money, and kept it without using it until called for, or had sent it by express to plaintiff, it would have been relieved from further liability. In other-words, as long as the defendant retained strictly the charae-
 
 *258
 
 ter of agent, and acted within the principle laid down in the circular, it whs protected. But, as we have already shown,the defendant changed that relation by using the money as its own, and became the debtor of the plaintiff for the sum collected.
 

 The counsel for plaintiff in error raises the point, that the action was trespass on the ease’ for wrongfully receiving the depreciated paper, and that the circular is a sufficient defence to such a count. This is undoubtedly true, both as to the nature of the action and as to the effect of the notice, and if it had been in any manner made a point in the court below, we do not see how we could avoid reversing the judgment. But nothing of the kind was done. All the testimony was received without objection. No instruction was asked of the court by either party as to the effect of the testimony in sustaining plaintiff’s case, or as to the effect of the notice in making good defendant’s receipt of depreciated paper. On the contrary, the only instruction prayed by defendant’s counsel recognizes the right to recover something with interest, and only raises the question of the measure of damages.
 
 *
 
 On that subject we think the instruction asked was erroneous, and properly refused. It is too late now to object for the first time to the particular form of the action.
 

 Judgment afeib,med with costs.
 

 *
 

 See supra, p. 253.