NioholsoN, C. J.,
delivered the opinion of the court:
This is a motion for judgment ¿gainst the Emmett Bank of Memphis, upon its answer as garnishee, for a balance *393 of $1,483.27, with interest from the first of January, 1875, due on a judgment against the city of Memphis, affirmed in this court.
The answer of the bank to the garnishment is, that the city of Memphis deposited in the bank $5,000, which stands to the credit of Martin Nelly, city treasurer, for which the bank issued its certificate of deposit, payable -to M. Kelly, city treasurer, and as this fund was retained to meet any judgment on the garnishment, and to prevent the negotiation of the certificate, the bank wrote on the face thereof, “Subject to the garnishment of Adams, Dixon and Pike, from supreme court.”
The question is whether this fund can be reached and appropriated by garnishment?
The garnishee makes as part of his answer the form of certificate of deposit issued to the city treasurer, from which it appears that it is a general and not a specail deposit. The relation existing between a general depositor, and a bank is that of creditor and debtor. Marine Bank v. Fulton County Bank, 2 Wall., 256.
The legal purport of the answer of the garnishee is, that when the garnishment was served, the bank was indebted to the city of Memphis in the sum of $5,000, which was evidenced by a certificate of deposit issued ti> the city treasurer, and so issued that it could not be negotiated.
It is clear that the bank was subject to the process of garnishment, although not “a person” since, by the Code, sec. 50 [Shannon’s Code, sec. 62], the word “person” includes “a corporation.”
It is the settled doctrine that the taxes and public revenues of municipal corporations cannot be seized under execution against them. Such taxes and revenues cannot be seized either in the treasury or in transit to it. Dillon on Municipal Corporations, sec. 64.
It would seem to follow, that if the $5,000 had been received by the bank on special deposit, it would have *394 been in legal contemplation, in the treasury, and in that case could not have been reached by garnishment. As held in the case of McGraw v. Memphis and Ohio R. R. Co. [5 Cold., 434], “where the actual and substantial possession is with the owner, and the relation of the servant or employee to the property is such only as is incident to the employment and service, the property is not subject to garnishment, as being in the possession or control of the servant or employee. ’ ’
But we have seen that the city of Memphis did not deposit the money with the bank to> be held on special deposit, as the money of the city, but the money was, in effect, loaned to the bank, to be mingled and used with its own money, the bank .thereby becoming the debtor of the city to that amount.
By our garnishment law, Code, sec. 3090 [Shannon’s Code, sec. 4818], “all property, debts> and effects of the defendant in the possession of the garnishee, or under his control, shall be liable to satisfy the plaintiff’s judgment,” etc.
It is said, however, that we may presume that the money 'so deposited by the city was city revenue, and that the same may be necessary in carrying on the municipal government. This would be fatal to the garnishment if the bank had so received and kept the money, and had so answered. But .we cannot look outside of the answer — that is conclusive, and by that the bank has simply borrowed the money from the city, and thereby became its debtor. We know no principle on which a debtor of a municipal corporation is any more exempt from the process of garnishment than any other debtor.
Our statute has made no such exemption, and we can make none.
It follows that the motion must be sustained, and the judgment rendered on the answer of the garnishee.