A. H. DAVIS and another *vs.* N. B. SMITH.

June 7, 1882.

**Bank—Relation to Depositors—Payment by Bank of Draft on a Firm for Debt of one Partner.**—Defendant and J. S. H. were copartners under the style of J. S. H. & Co., and kept a deposit account with the Lake City Bank. J. S. H. owed plaintiffs a separate debt, for which they drew on him and sent the draft to the bank for collection. He paid part of the draft with his private funds, and the bank, by his direction, paid the remainder of the draft and charged the amount to the firm account. *Held*, that as the money so paid by the bank was its own money, neither the firm nor defendant can recover it from plaintiffs, whether J. S. H. had authority from the firm to direct the payment and the charge to the firm's account or not.

Action to recover the balance of an account for goods sold and delivered to J. S. Huntley & Co., of which firm defendant was a member. Defendant, as a counterclaim, pleaded that plaintiffs had received from J. S. Huntley certain moneys in payment of his individual debt to them, with knowledge that the moneys so received were moneys of the firm of J. S. Huntley & Co., and that such payment was without the consent or knowledge of the defendant, and in violation of the terms of the partnership agreement between them.

On a former trial in the district court for Wabasha county, the court directed a verdict for the plaintiffs, and defendant appealed to this court from an order refusing a new trial. This order was reversed in this court. (27 Minn. 390.) On a new trial before *Start*, J., and a jury, plaintiffs had a verdict, and defendant again appeals from an order refusing a new trial.

*E. M. Card*, for appellant.

*C. W. Bunn* and *W. J. Hahn*, for respondents.

GILFILLAN, C. J. The case comes here this time upon facts different from those appearing when it was here before. The main facts on which any point is made here are: Defendant and J. S. Huntley were partners in business, and kept a deposit account at the Lake City Bank. Huntley owed plaintiffs a separate account,

amounting to $814.54, for which they drew on him their bill payable to their order, and sent it for collection to the Lake City Bank. Huntley paid on the bill $500 of his own funds. Afterwards the bank—probably by direction of J. S. Huntley, who was the managing member of the firm of J. S. Huntley & Co., though the evidence is not very clear as to who gave the direction—paid the remainder of the bill, and charged the amount so paid to the account of J. S. Huntley & Co. No check of that firm was drawn for the amount upon the firm account, as appeared to be the fact upon the first trial of the case. When the case was here before, no question was made but that drawing the firm check against the firm account was an appropriation of firm funds, if on that check the money was paid by the bank to the plaintiffs in satisfaction of their draft. The attention of the court was therefore not called to one of the questions. raised now, and at that time it was passed over or taken for granted. That question is raised by the proposition made on behalf of the plaintiffs that the money paid by the bank to the plaintiffs upon the draft was the money of the bank, and not of J. S. Huntley & Co.; and the fact that the bank, without proper authority, assumed to charge the money so paid to the account of the firm, gave the firm or the defendant no right to claim the money so paid from the person receiving it.

The money of the firm, as soon as deposited in the bank, became the money of the bank, and the bank thereupon became debtor to the firm for the amount so deposited. *Marine Bank* v. *Fulton Bank,* 2 Wall. 252; *Thompson* v. *Riggs,* 5 Wall. 663; *Bank of the Republic* v. *Millard,* 10 Wall. 152; *Commercial Bank* v. *Hughes,* 17 Wend. 94; *Chapman* v. *White,* 6 N. Y. 412; *Ætna Nat. Bank* v. *Fourth Nat. Bank,* 46 N. Y. 82. So that the bank, in paying the balance of the draft on Huntley, paid its own money and not the money of J. S. Huntley & Co. If so paid on a proper order, direction, or request by them, it would be equivalent to a payment to them of so much of the bank's indebtedness, and might be so charged in its account of the firm. On the other hand, if paid without such proper order, direction, or request, it would have no such effect and could not be so charged. But in neither case did the party to whom it was paid re-

ceive any money of the firm, and no action by the firm against such party, based on the title to the money, will lie. The bank had a right to pay its own money to plaintiffs if it chose. Whether it had a right to charge the money so paid to the account of J. S. Huntley & Co. was a matter between it and that firm, and not between that firm and the plaintiffs. The question, therefore, of Huntley's authority to give such direction to the bank is immaterial.

Judgment affirmed.