## FRANKLIN COUNTY NAT. BANK v. BEAL, Receiver.

*(Circuit Court, D. Massachusetts. March 11, 1892.)*

BANKS AND BANKING—COLLECTIONS—COURSE OF DEALING—INSOLVENCY.

Plaintiff and defendant banks for several years had acted as agents for each other in the collection of checks, notes, and drafts, the practice being for each to credit the other for checks when received, and for drafts and notes when advised of their payment. When a check was returned unpaid after being credited, the amount thereof was charged back again. The amounts thus collected were mingled with the general funds of the bank. Plaintiff sent defendant a note for "collection and credit," which, on maturity, was paid by a check, and credit was immediately given on the books. But defendant failed, and the check passed into the hands of the receiver. *Held* that, in view of the course of dealing, the two banks stood in the relation of debtor and creditor with respect to the amount of the check, and it became a part of the assets of the bank.

In Equity. Suit by the Franklin County National Bank against Thomas P. Beal, receiver of the Maverick National Bank, to recover possession of a certain check or its proceeds. Heard on demurrer to the bill. Sustained.

*Causten Browne*, for complainant.

*Hutchins & Wheeler* and *Frank D. Allen*, U. S. Atty., for defendant.

COLT, Circuit Judge. This case was heard upon demurrer to the bill of complaint. The defendant is the receiver of the Maverick National Bank, which closed its doors for business, October 31, 1891. For several years prior to this date the Maverick Bank had been the agent of the complainant to collect checks on other banks, and drafts and individual notes of other parties. Under this course of dealing, the Maverick Bank received such checks, drafts, and notes, crediting the checks to the complainant when received, and crediting the drafts and notes when it was advised of their payment; and upon such credits it allowed the complainant a certain rate of interest, but whenever a check received by the Maverick Bank, and credited to the complainant, was returned unpaid, the amount so credited was charged back to the complainant. The complainant was also agent of the Maverick Bank to collect checks, drafts, and notes payable in Greenfield, Mass., where the complainant was located, and the amounts of such checks were credited to the Maverick Bank on receipt, and the amounts of such drafts and notes upon the advice of payment. The amounts collected were not kept separate by either bank, but the money was mingled with the general funds. On the 28th of September, 1891, the complainant mailed to the Maverick Bank a letter inclosing various checks and notes. The letter stated that they were inclosed for "collection and credit." Among these inclosures was a note for $10,000, drawn by Brown, Durrell & Co., of Boston, payable to their own order, indorsed by them and also by J. A. Brown. The note fell due October 31, 1891, and Brown, Durrell & Co. delivered to the said Maverick Bank, before it suspended, their check, drawn on the North National Bank, for $10,000, in payment of the note. This check was also indorsed by Brown, Durrell & Co. and J. A. Brown. Upon the re-

ceipt of the check, the Maverick Bank entered the amount of said check on its books to the credit of the complainant. The check passed into the hands of the examiner upon the failure of the bank, and its proceeds are now in the hands of the receiver.

Upon this state of facts the complainant contends that the Maverick Bank held this check as its agent at the time of the failure, and that it is entitled to the same, or the proceeds thereof. The defendant, on the other hand, holds that, the Maverick Bank having given the complainant credit for the note as paid, the relationship between the two became that of simple debtor and creditor, the title to the check which was received in payment of the note passing to the Maverick Bank at the time the credit was given the complainant. The note in question was received by the Maverick Bank for "collection and credit." According to the course of dealing between the parties, credit was not to be given by the Maverick Bank until the note was paid. But it appears that the note was paid on the 31st day of October, and credit for the amount given to the complainant by the Maverick Bank. When payment was made and credit given, it seems to me the Maverick Bank ceased to be agent of the complainant, and the relationship between the two became that of debtor and creditor. This proposition is based upon the general course of dealing between the parties, and it might not be applicable to the case of a single note sent by one bank to another for collection and remittance.

The real contention on the part of the complainant relates to the form of payment. It is not seriously questioned that, if the bank had received payment in money which had been mingled with the general funds of the bank, the complainant could not follow the specific fund, but could only come in as a general creditor. I do not think any sound reason has been advanced for drawing a distinction between a payment in money and a payment by check under the facts presented in this case. When the Maverick Bank received payment of the note, and credited the complainant with the amount in its general account with the complainant, it assumed all responsibility with respect to the payment of the note. If the check received in payment proved to be bad, it would not relieve the Maverick Bank. It might have received payment in cash, or by check or draft, or even by the substitution of a new note, but with this the complainant had no concern. Looking at the general nature of the transactions between these parties, it seems to me that, when the note was paid and credit given to the complainant, the agency of the Maverick Bank to collect and credit this note ceased, because, as between the complainant and the bank, the bank had done that which it was required to do, and therefore the relation of the parties from that time must be held to be that of debtor and creditor. The form of payment is immaterial, because it could not affect the claim of the complainant against the bank, such payment being at the risk of the bank. *Marine Bank* v. *Fulton Bank*, 2 Wall. 252, 256. In the case of *Manufacturers' Nat. Bank* v. *Continental Bank*, 148 Mass. 555, 20 N. E. Rep. 193, the draft had not been collected at the time of the insolvency of the bank, and the court held that the agency to collect was terminated by such in-

solvency. In the present case, so far as the complainant and the Maverick Bank are concerned, the note had been collected and credit given. The reasoning of the court in the last above cited case would seem to support the contention of the defendant in this case. So far as the conclusions reached by the court in *Levi* v. *Bank*, 5 Dill. 104, are inconsistent with this opinion, I do not agree with them. Demurrer sustained.