Pattangall, Williamson & Birkenwald, of Augusta, Me., for plaintiffs.

F. Harold Dubord, of Waterville, Me., for defendant.

### TAYLOR et al. v. PICHER.

No. 1000.

District Court, D. Maine, S. D.

Feb. 25, 1936.

PETERS, District Judge.

This is a bill in equity against the receiver of a national bank to recover the amount of a fund alleged to have been given to and held in trust by the bank under the following state of facts about which there is substantially no dispute:

In 1918 the Kennebec Trust Company of Waterville, Me., received $5,000 to be used for the benefit of the plaintiff Mildred V. Taylor, then unmarried and named Mildred V. Mitchell. A written instrument was drawn up entitled "declaration of trust," signed and sealed by the parties, being Mrs. Taylor, called therein the beneficiary, and her then guardian, and the Kennebec Trust Company, denominated the the trustee, specifying the terms and conditions of the trust as follows:

"The trustee hereby declares that it holds the sum of five thousand dollars and all interest accruing upon the same from the date of the said transfer, according to a rate of interest hereinafter denominated, upon trust for the beneficiary in accordance with the conditions hereinafter expressed. * * *

"First. Semi-annually a sum equal to two per cent. of the trust res which shall be in the hands of the trustee on the regular days of interest computation, this provision to be for and in lieu of the payment of interest on the trust fund.

"Second. Also upon request of the guardian, any other sums of money not to exceed two hundred dollars during any one

year, unless in the joint judgment of the guardian and trustee some further amount is necessary for medical attendance, nursing or other necessity of the beneficiary, caused by sickness or physical accident, in which event payment will be made in the necessary amount to the guardian. * * *"

After the beneficiary became twenty-one years of age, yearly payments in excess of $200 for the purpose of paying extraordinary expenses, etc., were to be made in the discretion of the trustee, unless there should be a guardian, in which case the joint judgment of the trustee and the guardian should control the payment.

"The trustee further declares and agrees that in event of the death of the beneficiary with legal issue, born alive, it will pay the remainder of the trust fund then in its hands to that issue on demand by that issue or its legal representative."

In the event of the death of the beneficiary without issue, payment was to be made to the heirs of another person.

"The trustee is to receive no remuneration for its services. The said trustee hereby declares, and the said beneficiary hereby accepts, the above trust."

The Kennebec Trust Company deposited the fund in its savings department, as a state bank trustee was permitted to do by law under certain conditions, and the fund was used in accordance with the terms of the declaration of trust until 1926 when, by agreement of all parties interested, the Peoples National Bank (later and at the time of the receivership called the Peoples-Ticonic National Bank) was substituted in the contract for the Kennebec Trust Company. The instrument of substitution, entitled "substitution of trustee," recites that the Kennebec Trust Company had been acting as trustee under the declaration of trust above referred to and had in its hands a portion of the fund mentioned and was desirous of making a proper disposition thereof so it could liquidate its own affairs.

"Therefore the said Kennebec Trust Company hereby transfers, sets over, assigns and delivers to Peoples National Bank * * * the entire residue of said fund and interest, to be held, administered and expended by said Peoples National Bank under the terms and conditions contained in said declaration of trust, as fully and completely as though said Peoples National Bank had been originally named as trustee in said declaration.

"And the said Peoples National Bank hereby accepts the duties and responsibilities prescribed in said declaration of trust."

The substitution agreement was also signed by all interested parties including the Kennebec Trust Company as retiring trustee and Peoples National Bank as new trustee.

The national bank having received the fund, then something less than $5,000, opened an account as trustee with Mrs. Taylor in its savings department. A savings deposit book was issued in 1932 when the fund was then $3,618, entitled "Mildred Verne Mitchell, Peoples National Bank, Trustee, in account with Peoples-Ticonic National Bank savings department." This book was kept in the bank and never was in the possession of Miss Mitchell, now Mrs. Taylor, who had no knowledge as to how the money was invested. She never received any report of the trust from the bank, but saw the bank book from time to time at the bank as she drew out allowances provided for, and in that way was informed as to the status of the fund.

This alleged trust, in like manner as with other trust funds of which the bank was trustee, was listed as such by the bank at the time of its closing, and the securities set aside by the bank, as required by statute (12 U.S.C.A. § 248(k), to protect trust funds, were at the time of the closing of the bank, and now, sufficient to cover and protect in full all trust funds of the bank, including the Taylor fund.

The defendant waives proof of augmentation of assets and tracing of the particular fund, leaving the only question to be decided whether the relationship between the plaintiff Mrs. Taylor and the defendant at the time the bank closed was that of debtor and creditor, or that of trustee and cestui que trust.

■ As has been often said by the Supreme Court, a deposit in a bank must fall into one of two classes. It is either a general deposit, where the title to the money passes absolutely to the bank, which becomes a debtor to the depositor, its obligation being simply to pay on demand; or it is a special deposit, in which case the money left with the bank does not become its

absolute property but is held by the bank as bailee or trustee. If a deposit is not in one class, it must be in the other. Marine Bank v. Fulton County Bank, 2 Wall. 252, 256, 17 L.Ed. 785; Scammon v. Kimball, Assignee, 92 U.S. 362–370, 23 L.Ed. 483; Commercial Nat. Bank v. Armstrong, 148 U.S. 50–59, 13 S.Ct. 533, 37 L.Ed. 363.

■ Whether a deposit is general or special depends upon the intention and understanding of the parties. Keyes v. Paducah & I. R. Co. (C.C.A.) 61 F.(2d) 611.

■ That all parties, including both the original bank and the bank of which the defendant is receiver, intended and understood that this was to be a trust fund, is clear from the facts shown, down to the moment of the closing of the bank, at which time this fund was still listed as a trust fund and secured as such.

That it was not a general deposit, payable on demand, is further definitely shown by the provisions in the contract made when the money was turned over, to the effect that payments out of the fund to the beneficiary, in excess of certain small amounts, were to be made in the discretion of the trustee. During the beneficiary's minority payments were made in the joint judgment of the guardian and trustee; afterward, if there should be no guardian, they were to be made "subject to the judgment of the trustee," and for certain specified purposes.

All the essential elements of a trust are present. The essential element of a general deposit, that it should be payable on demand, is absent.

Having expressly undertaken to act as trustee, and having so acted for many years, and having secured the beneficiary, as others in the same category were secured, by deposit of bonds under the federal statute, the bank cannot properly deny the beneficiary the protection she had at the time of the closing of the bank.

The defendant urges several reasons for its contention that the bank was not trustee but was simply occupying the position of a banker in the relationship of banker and depositor; and points to the fact that interest was payable on the deposit and that it was stipulated that bank as trustee should receive no compensation.

The undertaking of the bank to pay over a sum equal to interest at 2 per cent. on the fund is evidence that the title to the money passed, but not conclusive evidence. The case cited by the defendant on this point, Scammon v. Kimball, 92 U.S. 362, 23 L.Ed. 483, only holds that the payment of interest is evidence.

Where the intention of the parties is not ambiguous, the fact that interest is agreed to be paid is prima facie but not necessarily conclusive that the transaction is a loan. In re Newark Shoe Stores (D. C.) 3 F.Supp. 293.

The other facts in the case show so clearly the intention of all parties that a trust should be created that any presumption created by the payment of interest, or the fact that no compensation was stipulated for, is rebutted.

I hold that the plaintiffs are entitled to a decree based upon the fund referred to being a trust fund. Whether the decree should take the form of creating a lien upon the securities set aside by the bank to secure trust funds or direct the payment of money is a matter for further consideration upon hearing the parties.

The plaintiffs also ask for the appointment of another trustee to take the place of the trustee bank. That matter will be considered and covered by decree upon consultation with the parties and their attorneys.

With their decree, the plaintiffs are entitled to costs.