**UNITED STATES of America, Plaintiff,**

**v.**

**U.S. CURRENCY IN THE AMOUNT OF $41,807, MORE OR LESS, etc., Defendant.**

**No. CV–90–4026.**

United States District Court, E.D. New York.

March 20, 1992.

On Motion For Reconsideration June 12, 1992.

Andrew J. Maloney, U.S. Atty., E.D.N.Y., Brooklyn, N.Y. by Christopher Lehmann, Asst. U.S. Atty., for plaintiff.

Douglas Payne, New York City, for claimants.

---

## MEMORANDUM AND ORDER

SIFTON, District Judge.

This is a motion pursuant to Federal Rules of Civil Procedure 60(b) to vacate a decree of forfeiture and order of delivery and to grant leave for certain individuals to file claims against the defendant United States Currency.

The following facts, except where expressly noted, are not disputed. Five claimants request this Court to vacate the decree of forfeiture and order of delivery ("the *in rem* order") and allow them to file claims asserting ownership of the defendant currency.

Plaintiff, the United States, opposes this request on the ground that the claimants have no standing since they did not comply with Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and have also failed to show an excusable basis for their neglect which would allow vacatur under Rule 60(b).

In May 1990, Cheng Zhong Lin was stopped by the United States Customs Service ("Customs") in John F. Kennedy International Airport. He was carrying a sum of money in United States currency and travelers checks ("the currency") totaling approximately $50,000. On July 30, 1990, he pled guilty to a violation of 31 U.S.C. 5316(b) (failure to file a report when departing the United States when carrying over $10,000).

On November 21, 1990, pursuant to 31 U.S.C. § 5317, an arrest warrant was issued against the currency. The currency was seized and arrested on January 7, 1991, by Customs. Also on January 7, 1991, Customs mailed notice to Cheng Zong Lin at the address of his attorney. Public notice of the arrest was also made in *Newsday*.

No claim against the defendant currency was filed within the ten-day limit proscribed by Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

On November 21, 1991, a verified complaint *in rem* was filed against the currency. *United States v. United States Currency in the Amount of $41,807, more or less, and Travelers Checks in the Amount of $9,000, more or less*, CV–90–4026. On February 9, 1991, this Court issued a decree of forfeiture and order of delivery against the *in rem* defendant.

Cheng Zhong Lin now asserts that he did not receive actual notice of the *in rem* action because he had left for China. He further asserts that the currency and travelers checks involved were lawfully earned

money belonging to himself and five friends which he was taking to the People's Republic of China to give to the owners' relatives. Supporting affidavits are filed by three of these individuals and the attorney representing all the current claimants.

Plaintiff, the United States, forwards to this Court a copy of a letter to Customs dated July 24, 1990, from Cheng Zhong Lin's attorney in the criminal matter stating that his client wished to assert a claim against the currency. Declaration of Christopher G. Lehmann, Exh. B. Respondent also forwards a $5,000 claim and cost bond signed July 31, 1990, by Cheng Zhong Lin. *Id., Exh. C.*

Plaintiff declares that a search of the litigation file of the *in rem* action has found no other documents from any of the movants or their counsel. He further alleges that at his arrest Cheng Zhong Lin stated he was not carrying funds for other persons.

## DISCUSSION

■ The first issue is the claimants' standing to bring this motion. Plaintiff contends that they lack standing to challenge the *in rem* order because they did not file timely notices of claim pursuant to Rule C(6).

This position was rejected in *United States v. Property at 4492 S. Livonia Rd.*, 889 F.2d 1258, 1262 (2d Cir.1989). *Livonia* also involved a motion to vacate a default judgment in an *in rem* forfeiture proceeding by a person who had failed to comply with Rule C(6). The Court of Appeals distinguished between Article III standing and statutory standing.

"When, as here, a claimant has made a sufficient showing of interest in the property through filing with the court a motion and accompanying affidavits, technical noncompliance with the procedural rules governing the filing of claims may be excused."

*Id. See also United States v. Eng*, 951 F.2d 461, 468 (2d Cir.1991) (citing *Livonia, supra* ).

The instant motion is accompanied by the requisite affidavits from the claimants or their attorney alleging a possessory interest in the currency. Therefore, they have Constitutional standing. They are ordered to comply forthwith with the procedures of Rule C(6) to correct the technical defect and obtain statutory standing.

The next issue is the propriety of vacating the default judgment pursuant to Federal Rules of Civil Procedure 60(b). Claimants argue for vacatur on the grounds of "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). Since the motion is made within one year of the default, it is timely. Fed.R.Civ.P. 60(b).

■ A motion for relief under Rule 60(b) is addressed to the sound discretion of the court. *Neimaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986). The court must weigh the the interest in substantial justice against the need for preserving finality of judgments. *Id.* Therefore, relief is granted only for extraordinary circumstances. *Mendell v. Gollust*, 909 F.2d 724, 730 (2d Cir.1990), *aff'd*, —— U.S. ——, 111 S.Ct. 2173, 115 L.Ed.2d 109 (1991).

■ Since the judgment involved was entered on default, the applicable standard is drawn from Federal Rules of Civil Procedure 55(c) which requires "good cause shown." Such good cause is a discretionary judgment based on three criteria:

"whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."

*Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983).

■ To apply the standard to this case, I review the supplied affidavits in greater detail.

Cheng Zhong Lin asserts he did not actually receive notice of the forfeiture because he left for China before his attorney received the plaintiff's mailing. He supplies a copy of his airline ticket stub in support. His affidavit is dated December 20, 1991.

Three other claimants, in affidavits dated August 28, 1991, assert they learned of the seizure a few weeks after it occurred. However, they claim they knew nothing

else about the fate of the money they had entrusted to Chen Zhong Lin until "recently" when a friend advised them that Payne, a Mandarin-speaking attorney, was helping Cheng Zhong Lin retrieve the currency. According to Payne, these three claimants do not functionally speak or read English. This, of course, would make the notice in *Newsday* of no practical help in alerting them to the proper procedure.

No personally signed affidavits are supplied from two additional claimants. They are mentioned in Cheng Zhong Lin's affidavit as persons who gave him money to take to China. He also stated he was carrying money belonging to a sixth friend, who has not joined this motion.

Payne, attorney to the five claimants, asserts he was retained on May 24, 1991, to recover the money. As to the delay in filing this motion, he asserts that—

> "communicating with the claimants and obtaining affidavits from them has been time-consuming, and together with my own hesitancy as I have not yet been admitted to this Court, have delayed this application."

Payne Affid., Exh. E to Motion.

In a reply declaration, Payne presents additional facts. He alleges that he received a letter on January 9, 1991, from the attorneys who represented Lin in the criminal matter. This letter advised Payne that they would not handle the civil forfeiture for Lin. Payne was so advised as he had originally recommended these attorneys to Lin. These attorneys also attempted to warn Lin of the possibility of default in the *in rem* action by mailing him a letter on January 7.

Payne attempted to contact Lin but was unable to do so until April 1991, after the *in rem* judgment. Lin discussed the matter with Payne, but did not retain him. Payne alleges that Lin stated that he had believed his attorneys in the criminal matter were handling the *in rem* proceeding. Lin then returned to China. While Payne was retained by the other claimants in May 1991, he was unable to reach Lin at that time. The other claimants asked him to deal with them through Lin. All of the

claimants speak Mandarin as a second language. Their native language is the Fozhou dialect. They speak or read little or no English.

Plaintiff alleges that the extent of the delay was unnecessary since Payne was retained in May 1991 for this matter. Plaintiff also points to the letter sent by Lin's former attorneys expressing Lin's interest in recovering the currency. In addition, plaintiff points out that three of the affidavits were signed in August.

However, one affidavit was only signed in December. Furthermore, the default was entered in February 1991. Therefore, actions in May and August of 1991 were not in time to prevent default. The next relevant statutory deadline is the one-year limit of Rule 60(b). Since this has not passed, the attorney should not be faulted for attempting to use his time and his clients' money economically by combining the claimants' motions. Plaintiff has pointed to no prejudice that accrued between August and January.

The United States' arguments based on actions by Lin's attorney before the beginning of the forfeiture procedure are unconvincing. Lin left for China before he actually knew of the pendency of this action. Absent any showing of an ongoing relationship between Lin and the counsel who handled the criminal matter, this Court will not assume counsel was authorized to handle the civil forfeiture at the time Lin left for China. Counsel's notification to the government of Lin's interest in the funds was a routine act and does not establish such a relationship.

Plaintiff relies on *Jafree v. Scott*, 590 F.2d 209 (7th Cir.1978), in which a court refused to find excusable neglect under Rule 60(b)(1) when a party was out of the country and, therefore, could not furnish affidavits. The situation is clearly distinguishable. In *Jafree*, the plaintiff in an ongoing proceeding was ordered by the court to file certain affidavits. Judgment was entered against him when he failed to do so after several extensions. *Jafree* implicates a plaintiff's duty to prosecute a

suit he has chosen to bring. *Jafree* does not involve a default judgment.

In light of the basic policy favoring decisions on the merits, C. Wright & A. Miller, *Federal Practice & Procedure* § 2857, at 159, the claimants' language limitations, and the main claimant's absence from the country, I find this default not to have been willful.

The next issue is prejudice to the plaintiff. The government has offered no argument or fact supporting prejudice. Therefore, I find no prejudice hindering vacatur.

The third factor is the merit of the offered claims. Forfeiture was ordered pursuant to 31 U.S.C. § 5317(b) which allows forfeiture to the government of any "monetary instrument being transported ... when a report on the instrument under 5316 of this title has not been filed or contains a material omission or misstatement."

■ Claimant Cheng Zhong Lin pleaded guilty to transporting the defendant currency without filing the required report. Such a guilty plea collaterally estops him from currently denying he violated the statute. *United States v. Twenty Thousand Seven Hundred Fifty–Seven Dollars*, 769 F.2d 479, 481–82 (8th Cir.1985); *Ivers v. United States*, 581 F.2d 1362, 1366 (9th Cir.1978) (S.J. Palmieri, S.D.N.Y., sitting by designation). *Cf. United States v. $359,500 in United States Currency*, 828 F.2d 930, 931 (2d Cir.1987) (elements of criminal statute include all elements required for civil forfeiture).

This guilty plea covers all the money forfeited and is, therefore, sufficient proof that the entire sum is subject to forfeiture. *Twenty Thousand Seven Hundred, supra* at 482.

In general, forfeiture statutes provide that an owner's interest in the property is forfeited regardless of his lack of knowledge of the offense. *United States v. United States Currency in the Amount of Twenty Three Thousand Four Hundred Eighty One Dollars*, 740 F.Supp. 950, 954 (E.D.N.Y.1990) ("Twenty Three Thousand").

One exception exists for property taken from its owner without his consent. *Id.* (citing *Van Oster v. Kansas*, 272 U.S. 465, 467, 47 S.Ct. 133, 134, 71 L.Ed. 354 (1926)). The claimants state they voluntarily gave the money to Lin.

The other exception was adopted by the Second Circuit in *United States v. One Tintoretto Painting*, 691 F.2d 603, 607 (2d Cir.1982), from Supreme Court dicta. The exception protects—

"an owner who prove[s] not only that he was uninvolved in and unaware of the wrongful activity, but also that he had done all that reasonably could be expected to prevent the proscribed use of his property."

*One Tintoretto, supra* at 607 (citing *Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 689–90, 94 S.Ct. 2080, 2094–95, 40 L.Ed.2d 452 (1974)); *Twenty Three Thousand, supra* at 954.

None of the claimants has alleged any actions to prevent Lin's offense. Therefore, they have not alleged the elements of a meritorious claim.

For the reasons discussed above, the motion is denied in its entirely.

SO ORDERED.

ON MOTION FOR RECONSIDERATION

Movants request reconsideration of this Court's Memorandum and Order of March 20, 1992, refusing to vacate a decree of *in rem* forfeiture against the defendant currency. For the reasons discussed below, this motion is denied.

The following facts, except where expressly noted or denominated as allegations, are not disputed. Movants are the alleged owners of currency and travelers checks ("the *in rem* defendant") forfeited to the United States by default judgment entered by this Court on February 9, 1991. Movants earlier requested vacatur of the default judgment of forfeiture.

By Memorandum and Order dated March 20, 1992 ("the Order"), this Court refused to vacate the default judgment. This Court held that, while the movants met the requirements of lack of willfulness and

lack of prejudice to their adversary, they had not shown a meritorious defense. Order at 6–12 (relying on *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir.1983) (standard for vacating a default judgment)).

The *in rem* defendant was seized by the United States Customs Service ("Customs") at John F. Kennedy Airport from Chen Zhong Lin, one of the movants. Lin pleaded guilty to a violation of 31 U.S.C. § 5316(b) (failure to file a report when departing the United States when carrying over $10,000). At the time of the seizure, Chen Zhong Lin stated that he was carrying only his own funds.

In the papers supporting the earlier motion before this Court to vacate the default judgment, Chen Zhong Lin, his attorney, and several of the other movants stated that Chen Zhong Lin was carrying money they had lawfully earned. They allegedly entrusted him with the money to transport it to relatives in the People's Republic of China.

In support of the current motion, Chen Zhong Lin alleges that he did not know of the reporting statute until he was stopped by Customs at the airport, that he was in a hurry, and that he assumed it did not apply to him because less than $10,000 of the currency he was carrying was his. He does not argue, however, that his guilty plea was invalid. In addition, Chen Zhong Lin alleges that none of the friends for whom he was carrying the currency knew what date he was going to China. He assumes they did not know of the reporting requirement and that if they had known that they would have urged him to file a report. Also filed in support of the current motion is an affidavit from movant Lin Shu Zheng. Lin Shu Zheng alleges that he entrusted Chen Zhong Lin with $8,000 to take to China. Lin Shu Zheng further alleges that he did not know the exact date of the trip; he had asked Chen Zhong Lin to take good care of the money and that, if he had known the money would otherwise be subject to forfeiture, he would have asked Chen Zhong Lin to file a report.

In opposition, the government argues that the movants have not shown a merito-rious defense. In addition, the government argues that the motion should be dismissed as untimely under Local Rule 3(j); that the affidavits in support should be stricken as not requested by this Court, and that the movants have not alleged any facts or law not previously considered by this Court.

## DISCUSSION

This motion requests decision on both procedural and substantive arguments. The procedural arguments relate to the timeliness and adequacy of the instant motion. The substantive argument is whether the movants' allegations are a sufficient showing of a meritorious defense.

As to Chen Zhong Lin the answer to the substantive argument is clear. He pled guilty to violation of the statute at issue. He raises no legal or factual basis for invalidating the plea. As stated in this Court's previous Order, such a plea is an admission of all the elements required for an *in rem* forfeiture. *United States v. $359,500 in United States Currency*, 828 F.2d 930, 931 (2d Cir.1989). Such a plea collaterally estops him from denying he violated the statute in order to challenge the forfeiture. *United States v. Twenty Thousand Seven Hundred Fifty–Seven Dollars*, 769 F.2d 479, 481–82 (8th Cir. 1985); *Ivers v. United States*, 581 F.2d 1362, 1366 (9th Cir.1978) (S.J. Palmieri, S.D.N.Y., sitting by designation). *Cf. United States v. All Right Title & Interest In Real Property & Building Known as 303 West 116th Street, New York, New York*, 901 F.2d 288, 292–93 (2d Cir.1990) (state conviction for drug offense allows summary judgment of federal forfeiture of involved premises).

 I turn to the substantive issue whether the behavior of the other alleged owners of the *in rem* defendant in entrusting the money to Chen Zhong Lin ("the entrusters") could be a meritorious defense. As discussed in this Court's previous Order, forfeiture statutes generally require forfeiture regardless of the property owner's lack of knowledge of the offense. *United States v. United States Currency in the Amount of Twenty–Three Thou-*

*sand Four Hundred Eighty One Dollars,* 740 F.Supp. 950, 954 (E.D.N.Y.1990) ("Twenty Three Thousand").

However, based on dicta in the Supreme Court opinion in *Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 689–90, 94 S.Ct. 2080, 2094–95, 40 L.Ed.2d 452, *reh'g denied,* 417 U.S. 977, 94 S.Ct. 3187, 41 L.Ed.2d 1148 (1974), the Second Circuit recognizes an exception for

> "an owner who prove[s] not only that he was uninvolved in and unaware of the wrongful activity, but also that he had done all that reasonably could be expected to prevent the proscribed use of his property."

*United States v. One Tintoretto Painting,* 691 F.2d 603, 607 (2d Cir.1982); *see also, Twenty–Three Thousand,* 740 F.Supp. at 954. Such a defense requires both good faith and reasonable diligence. *United States v. Certain Real Property and Premises Known as 38 Whalers Cove Drive, Babylon, New York,* ("Whalers Cove"), 954 F.2d 29, 33 (2d Cir.1992), *petition for cert. filed,* No. 19–1682 (April 20, 1992).

At most, the claimants here have suggested the existence of good faith. They have not offered anything that would suggest reasonable diligence. Most importantly, they did not attempt to find out when, what, or if any legal requirements existed with regard to the export of money from the United States or instruct the carrier with regard to those requirements.

The case closest to the present one is *Twenty-Three Thousand,* 740 F.Supp. 950. In that case, in opposition to a motion for summary judgment granting forfeiture, Judge Bartels was offered an unsworn statement by claimants who had entrusted a friend with money to transport to relatives in Nigeria. The claimants alleged that "if afforded the chance they [would] testify that Ojo [the transporter] assured them that all precautions would be taken with the money, including conforming to customs regulations." *Id.* at 955. Judge Bartels held that this was insufficient to fend off summary judgment because the allegation was not presented in evidentiary form. *Id.*

While decided on procedural grounds not relevant to this case, Judge Bartels' decision makes clear that the showing needed to prevent forfeiture is a showing that the owners took reasonable steps to assure that the export of the funds would be in conformity with customs regulations. Asking someone "to take care of the money" is hardly a reasonable effort to prevent its illegal export. Claimants in this case do not make such an allegation and, accordingly, have failed to show a meritorious defense.

Since the movants have failed to meet the standard of local rule 3(j) which requires a showing of possibly determinative "matters or controlling decisions which counsel believes the court has overlooked," Local Rule 3(j), the Court does not reach the procedural issues raised by the government. *Cf. United States v. $80,760 in United States Currency,* 781 F.Supp. 462, 467–470 (N.D.Tex.1991) (court in the interest of justice should exercise its discretion to modify procedural rules in forfeiture cases so as to maximize decisions on the merits).

Accordingly, for the reasons discussed above, the motion for reconsideration is denied.

SO ORDERED.