UNITED STATES of America, Plaintiff,

v.

ALL FUNDS ON DEPOSIT ON OR BEFORE NOVEMBER 8, 1994 IN CITIBANK ACCOUNT NUMBER 42773634 IN THE NAME IMTIAZ AHMED KAHN, et al., Defendants.

No. 95 CV 1774 (NG).

United States District Court,
E.D. New York.

Feb. 11, 1997.

David L. Goldberg, Asst. U.S. Attorney, Eastern District of New York, Brooklyn, NY, for Plaintiff.

Joel K. Dranove, New York City, for Defendants.

## OPINION AND ORDER

GERSHON, District Judge.

On November 8, 1994 federal law enforcement officials, acting pursuant to seizure warrants issued by U.S. Magistrate Judge Roanne L. Mann of this district, seized approximately $464,000 from thirteen bank accounts held in the name of Pak American Exchange Company ("Pak American"), Travel Home Services Inc. ("Travel Home") and certain individuals, none of whom are claimants in this action. In May 1995 the Government brought this civil forfeiture action alleging that the funds in the thirteen accounts were subject to forfeiture pursuant to 18 U.S.C. §§ 981(a) and 984 because they were used in money laundering transactions related to heroin trafficking. To date, forty-eight individuals have filed Notices of Appearance alleging ownership of portions of the funds.[1]

Presently before the Court are several motions. First, nine of the Individual Claimants, who have already filed Notices of Appearance and who have been denominated Category One Claimants by the parties, seek leave to file late Notices of Claim, Answers and Answers to Interrogatories.[2] Second, Shaukat & Shaukat Exchange Company ("S & S"), a Pakistani financial institution that has been denominated the Category Two Claimant by the parties, and which alleges that approximately $235,000 of the funds in the seized accounts belongs to it, seeks leave to file a Notice of Claim, an Answer and Answers to Interrogatories. Third, five of the Individual Claimants, the Category Three Claimants, who have not yet appeared in this action, seek leave to file late Notices of Claim, Answers and Answers to Interrogatories.[3] Fourth, five Individual Claimants, the Category Four Claimants, seek leave to file late Answers to Interrogatories.[4]

The Government contends that all of the fifty-three claims already asserted or sought to be asserted by the Individual Claimants and the claim by S & S fail for lack of standing. It has thus moved pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings as to all of the Individual Claimants and as to S & S. I have concluded that the Government's motion is well-founded and that, for that reason, the motions of the Individual Claimants and the motion of S & S should be denied.

## FACTS

For the purpose of the pending motions, the following facts do not appear to be in dispute. Pak American and Travel Home were money remitting businesses located in Brooklyn, New York that were run by Imtiaz Ahmed Khan. Mr. Kahn's customers included Pakistani immigrants who wished to

---

1. These forty-eight individuals, along with five additional individuals who are here seeking leave to file Notices of Appearance, will be collectively referred to as "the Individual Claimants."

2. These ten individuals are Ali Nazakat, Aslam Mohammad, Hayat Haji, Iqbal Azhar, Mahmood Tallat, Naveed Malik Amjad, Sharif Mohammad, Siddiq Mohammad, Younas B. Ahmad and Sultan Kamran.

3. These five individuals are Sabar Mohammad, Saeed Ahmed, Ejaz Ahmed, Nabziir H. Cheema and Arshad I. Basheer.

4. These five individuals are Zahid Kazmi, Malik Amjad, Naveed Ahmad, Tallat Mahmood and Jehangir Aslam.

transmit funds to relatives and others in their native country. In order to do so, they would bring U.S. dollars to Mr. Kahn, who would forward these funds to the offices of S & S in Pakistan. S & S would then convert the dollars into Pakistani rupees and distribute the funds to the individuals identified by Mr. Kahn's customers.

Mr. Kahn was indicted by a federal grand jury on December 7, 1994 for employing his businesses to launder funds used in international heroin transactions. He later pled guilty to operating an unlicensed money remitting business in violation of 18 U.S.C. § 1960 and making false statements in violation of 18 U.S.C. § 1028, and was sentenced to prison for a year and a day. As already stated, the Government in November 1994 seized the funds in thirteen bank accounts related to Mr. Kahn's businesses and began this forfeiture action in May 1995.

The Individual Claimants all allege or seek to allege that portions of the funds in the seized accounts are funds they deposited with Mr. Kahn for the legitimate purpose of sending money to relatives and other individuals in Pakistan. Mr. Kahn has filed a declaration at the request of the Individual Claimants' counsel in which he states that he has reviewed a list consisting of the names of thirty-four of the Individual Claimants and declares "with absolute certainty" that none were involved in his illegal acts. Kahn Declaration at ¶ 12. Thus, the Individual Claimants argue that the funds claimed by them are not subject to forfeiture and should be returned to them.

S & S does not argue that it deposited funds with Mr. Kahn, but rather that it is owed approximately $235,000 because it distributed $235,000 worth of Pakistani rupees to individuals in Pakistan designated by Mr. Kahn's customers without reimbursement from Mr. Kahn. In his declaration, Mr. Kahn makes no statement as to S & S, but an officer of the firm has filed an affidavit that declares that S & S was "completely unaware that Kahn was involved in illegal activities." Affidavit of Malik Shaukat Ali at ¶ 15.

Although the Government does not contend that any of the Individual Claimants or S & S were in any way aware of any illegal conduct with respect to Pak American or Travel Home, it argues that neither the Individual Claimants nor S & S has standing to pursue a claim in this action to recover any portion of the funds at issue.

## DISCUSSION

In seeking dismissal of the claims of the Individual Claimants and S & S for lack of standing, the Government relies upon Federal Rule of Civil Procedure 12(f), which provides that "the court may order stricken from any pleading any insufficient defense...." As has been recently noted, while some courts have analyzed standing in forfeiture actions pursuant to Rule 12(f), others have treated lack of standing as a basis for dismissal for failure to state a claim under Rule 12(b)(6). *U.S. v. $79,000 in Account Number 2168050*, 1996 WL 648934 at *2 (S.D.N.Y. November 7, 1996) ("$79,000"). However, "the test is the same and so is the outcome" under either provision. *Id.* at *3. *See Day v. Moscow*, 955 F.2d 807, 811 (2d Cir.), *cert. denied*, 506 U.S. 821, 113 S.Ct. 71, 121 L.Ed.2d 37 (1992).

### A.  Standing Generally

"Before a claimant can contest a forfeiture, he must demonstrate standing." *Mercado v. U.S. Customs Service*, 873 F.2d 641, 644 (2d Cir.1989). "If the claimant cannot show a 'sufficient interest in the property to give him Article III standing ... there is no case or controversy, in the constitutional sense, capable of adjudication in the federal courts.'" *U.S. v. New Silver Palace Restaurant, Inc.*, 810 F.Supp. 440, 442 (E.D.N.Y. 1992) (quoting *U.S. v. $38,000.00 in United States Currency*, 816 F.2d 1538, 1543 (11th Cir.1987)).

The burden of proof in making a demonstration of standing, which rests with the claimant, *Mercado*, 873 F.2d at 644, has been characterized as follows:

> To establish standing in a civil forfeiture proceeding, the claimant must demonstrate some ownership or possessory interest in the property at issue. *See United States v. One 1982 Porsche 928*, 732 F.Supp. 447,

451 (S.D.N.Y.1990). A claimant may prove this possessory or ownership interest "by actual possession, dominion, control, title, or financial stake." *United States v. Contents of Account Numbers 208–06070 and 208–06068–1–2*, 847 F.Supp. 329, 333 (S.D.N.Y.1994). The possessory or ownership interest must be in the specific forfeited property; .... *See United States v. Coluccio*, 51 F.3d 337, 339 (2d Cir.1995). *$79,000* at *3. Since the funds at issue are held in bank accounts located in New York, the requirements for establishing a possessory or ownership interest over the funds is determined by New York law. *Id.* at *4.

## B. Shaukat & Shaukat's Lack of Standing

■ S & S clearly fails to demonstrate standing. S & S claims that, pursuant to its contract with Mr. Kahn, it distributed approximately $235,000 in Pakistan for which it has not been reimbursed. However, a claim of entitlement to payment is not synonymous with a claim to an ownership interest in the seized accounts. At most, S & S alleges that Mr. Kahn has breached an obligation under their contract. S & S is thus, at most, a general creditor of Mr. Kahn, a status insufficient to demonstrate standing because "a general creditor has no interest in particular assets or funds" sufficient to challenge an order of forfeiture. *U.S. v. Schwimmer*, 968 F.2d 1570, 1581 (2d Cir.1992). S & S's conclusory statements referring to the claimed funds as "our money", Affidavit of Malik Shaukat Ali at ¶¶ 7, 9, 13, do nothing to alter this result because the money is theirs only in the sense that they claim it as their due, not in the sense that they own it or exercise dominion over it in the present.

A case that is illustrative of S & S's status is *U.S. v. Five Hundred Thousand Dollars*, 730 F.2d 1437 (11th Cir.1984). There, a "money trader", Arturo Fernandez, made a claim upon funds in a seized bank account. Fernandez made commissions upon transactions in which he bought U.S. dollars with Colombian pesos by issuing a check in pesos to the seller of the dollars. The account at issue had been opened by the FBI as part of an undercover operation. Pursuant to the operation, funds had been deposited into the account at the direction of narcotics dealers who believed the account would serve as a vehicle for money laundering. Fernandez claimed an interest in a portion of the seized funds because he had issued checks in pesos to individuals who had directed deposits into the seized account. Fernandez had issued these checks in reliance upon false representations that an equivalent amount in dollars had been transferred to him. Without finding that Fernandez had knowledge of any wrongdoing, the Court of Appeals for the Eleventh Circuit nevertheless held that he had no standing to challenge the forfeiture:

> While a bona fide purchaser of seized property may have standing to protest its forfeiture, Fernandez never submitted any evidence (i.e. cancelled checks or receipts) showing he actually bought the $900,000 seized with the $900,000 he apparently expended. Fernandez may well have a chose in action against either the people to whom he disbursed the $900,000 in pesos, or the people who represented to him that the wire transfer had taken place. He has no interest in the seized funds sufficient to confer upon him standing ..., however.

730 F.2d at 1439–1440 (citation omitted). Like Fernandez, S & S has not purchased seized property; it only seeks reimbursement for funds it has expended.

## C. The Individual Claimants' Lack of Standing

Unlike S & S, the Individual Claimants entrusted their funds to Mr. Kahn, who deposited the funds in the bank accounts that have been seized. However, this difference does not give them standing.

■ When funds are deposited in a general bank account, "title to the money is transferred to the bank and a creditor-debtor relation is formed." *U.S. v. All Funds Presently on Deposit or Attempted to be Deposited in any Accounts Maintained at American Express Bank*, 832 F.Supp. 542, 549 n. 5 (E.D.N.Y.1993).[5] That is, "the depositor, for

---

5. New York recognizes two types of bank account, general and specific, and presumes that an account is general in the absence of a showing to the contrary. *$79,000* at *4. The Individ-

his own convenience, parts with the title to his money, and loans it to the banker; and the latter, in consideration of the loan of the money and the right to use it for his own profit, agrees to refund the same amount, or any part thereof, on demand." *Peoples Westchester Sav. Bank v. FDIC*, 961 F.2d 327, 330 (2d Cir.1992) (quoting *Marine Bank v. Fulton Bank*, 69 U.S. (2 Wall.) 252, 256, 17 L.Ed. 785 (1864)).

 Whatever rights the account holders may have in the seized funds, the Individual Claimants have none. They have retained no signatory authority over the accounts nor any other sort of authority that would have allowed them any power over the disposition of the funds in the accounts. Having neither title to the accounts nor the dominion and control over the accounts that the account holders might have, the Individual Claimants have no standing to contest the forfeiture. *$79,000* at *4; *see also U.S. v. Ribadeneira*, 920 F.Supp. 553, 555 (S.D.N.Y.1996).

The Individual Claimants assert that denying them standing would be an affront to "the interests of not wrongfully depriving the claimants of their property." Claimants' Reply Memorandum at p. 6. However, as with the similar protestations of S & S, "a 'bare assertion of ownership of the res, without more, is inadequate to prove an ownership interest sufficient to establish standing.'" *$79,000* at *3 (quoting *U.S. v. $38,570 in U.S. Currency*, 950 F.2d 1108, 1112 (5th Cir.1992)). Their reliance on certain language in *U.S. v. Five Hundred Thousand Dollars, supra*, is also misplaced. Specifically, they rely upon the court's remark that the money trader had no standing to contest forfeiture because "the only persons who had an interest or owned" the funds at issue were the narcotics dealers who had directed deposits into the seized account, but who had "not come forward" to challenge the forfeiture in their own right. 730 F.2d at 1439. Seizing upon this language, the Individual Claimants argue that standing should be conferred upon them on the basis of their having directed Mr. Kahn to deposit the funds at

issue here. However, since the standing of the narcotics dealers was not at issue in *Five Hundred Thousand Dollars*, the statement concerning them is *dictum* that does not affect my view of the controlling law.

 Finally, the undisputed fact that the Individual Claimants, as well as S & S, in no way participated in Mr. Kahn's wrongdoing does not alter the result. A claimant who cannot prove an ownership or possessory interest in seized property has no standing "regardless of his lack of knowledge of the offense." *U.S. v. U.S. Currency in the Amount of $41,807, More or Less*, 795 F.Supp. 540, 544 (E.D.N.Y.1992).

## CONCLUSION

The Government's motion for judgment on the pleadings is GRANTED. The various motions of the claimants and would-be claimants seeking leave to file additional pleadings are DENIED.

**SO ORDERED.**

---

ual Claimants have offered no evidence to establish that the funds at issue are held in anything other than general accounts.